UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WHITSONS FOOD SERVICE (BRONX) CORP.,

                           Plaintiff,

v.

UNITHERM FOOD SYSTEMS, INC.,

                           Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
17-CV-7462 (SJF) (ARL)

FEUERSTEIN, District Judge:

Plaintiff Whitsons Food Service (Bronx) Corp. ("Plaintiff" or "Whitsons") commenced this diversity action against Defendant Unitherm Food Systems, Inc. ("Unitherm") asserting claims for, *inter alia,* breach of contract and unjust enrichment. Defendant has moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Motion, Docket Entry ("DE") [20]. Plaintiff opposes the motion. For the reasons set forth below, the motion is denied.

## I. BACKGROUND

### A. Factual Background

The following facts are taken from the complaint ("Compl."), DE [1], and are assumed to be true for purposes of this motion. In addition, citation is made to the written agreements between the parties, which were referenced by the complaint and provided by Unitherm as part of its motion.[1]

---

[1] The agreement between the parties regarding the entire transaction is set forth in three (3) quotations, all signed by Whitsons on April 11, 2016. Although each document concerns different pieces of equipment or services, each also contains identical "Terms and Conditions of Sale" relevant to the issues currently before the Court. The Court will refer to these documents collectively as the "Agreement," and references to the paragraph numbers are to Lines 13 or 14 of the respective Terms and Conditions sections.

Whitsons is a New York corporation that produces prepared foods for institutional and retail customers and provides dining services to public and private organizations throughout the United States. Compl. at ¶¶14, 16. Unitherm is a manufacturer of commercial cooking systems *Id.* ¶1. It is a foreign corporation with its principal place of business in Oklahoma. *Id.* ¶15.

In or around 2015, Whitsons began discussions with Unitherm regarding purchase of food system equipment for use in its Culinary Center in Islandia, New York. Compl. ¶17. In April 2016, Whitsons agreed to purchase equipment from Unitherm, specifically (a) a 16-inch mini spiral oven, (b) a 24-inch mini flame grill; and (c) a spiral chiller freezer. *Id.* ¶19. The total purchase price, including, *inter alia,* a Grote slitter, installation, and delivery, was $1,519,000. *Id.* ¶20. Whitsons made payments totaling $1,215,200 to Unitherm in April, May, and August 2016. *Id.* ¶23. As of August 4, 2016, a balance of $303,800 remained. *Id.* ¶24.

The estimated delivery and installation date of the equipment was twenty-two (22) weeks from the date of the agreement in April 2016. Compl. ¶21. Although the original agreement called for delivery and installation at the facility in Islandia, Whitsons, with Unitherm's consent, switched the location "to a new plant it was negotiating to acquire in McPherson, Kansas." *Id.* ¶22. By August 2017, the equipment had not been delivered and installed. *Id.* ¶25. There are no allegations in the complaint regarding the reason for the delay in delivery and installation.

In approximately August 2017, Whitsons' plans to acquire the Kansas facility fell through "unexpectedly," and it informed Unitherm that as a result, it would be unable to complete the purchase of the equipment. Compl. ¶26.[2] By email dated August 16, 2017, Bob

---

[2] Installation at the Islandia site was no longer possible due to a lack of space resulting from redesign and renovations at that location. Compl. ¶27.

2

Whitcomb of Whitsons requested that Unitherm "resell the equipment at your earliest opportunity and return our deposit, given that the purpose for which we entered into this purchase order has been utterly frustrated. I understand this is a difficult request, but I hope it can be accomplished to the satisfaction of both parties." *Id.* ¶28; Ex. A. According to the complaint, "Unitherm rebuffed this proposal, and refused to even acknowledge it had been made, much less agree to seek to sell the equipment." Compl. ¶30.

Whitsons began looking for potential buyers of the equipment and regularly apprised Unitherm of its progress. Compl. ¶¶31-32. Whitsons worked with Unitherm to allow potential buyers to inspect the equipment at Unitherm's Oklahoma facility. *Id.* Unbeknownst to Whitsons, Unitherm sold a significant portion of the equipment to an undisclosed purchaser. *Id.* ¶33. Unitherm provided no advance notice to Whitsons and has refused to provide any details regarding the sale. In addition to refusing to disclose the identity of the resale purchaser, Unitherm has not provided an accounting as to the sales price and has refused to refund Whitsons any amount of the purchase price it had paid.

**B. Procedural History**

Plaintiff filed the complaint on December 22, 2017. Pursuant to the choice of law provision in the Agreement, the law of Oklahoma applies. Agreement, ¶10. The Complaint states claims for violation of Oklahoma law pertaining to the resale of goods, an accounting, restitution, unjust enrichment, and declaratory judgment regarding Unitherm's plan to sell any of the remaining equipment. Defendant has moved for dismissal on three grounds: (1) Whitsons' claim for damages is foreclosed by a liquidated damages provision in the parties' Agreement; (2) as a buyer, Whitsons does not have a cause of action under Oklahoma law governing the resale of goods; and (3) Unitherm is not the proper party defendant.

## II. LEGAL STANDARDS

Defendant seeks dismissal of the action pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The standards for analyzing a motion to dismiss are well-established. The court must accept the factual allegations in the complaints as true and draw all reasonable inferences in favor of the plaintiff. *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013) (citations omitted). The court determines "whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Hayden v. Paterson,* 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S at 678 (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

The determination of "whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S at 679. A pleading that does nothing more than recite bare legal conclusions, however, is insufficient to "unlock the doors of discovery." *Iqbal*, 556 U.S. at 678-679; *see also Twombly,* 550 U.S. at 555 (holding that a "formulaic recitation "formulaic recitation of cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level."). While Rule 8 does not require "detailed factual allegations," it does require more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

## III. DISCUSSION

### A. Agreement's Cancellation Terms

Under Oklahoma law, damages may be liquidated in an agreement "but only at an amount which is reasonable in the light of the anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or nonfeasibility of otherwise obtaining an adequate remedy." OKLA STAT. 12A, §2-718(1). However, a contract term "fixing unreasonably large liquidated damages is void as a penalty." *Id.*

Defendant argues that it is entitled to retain the monies paid by operation of a clause in the parties' Agreement providing that in the event of cancellation of an order, "the Buyer shall pay within 30 days to the Company the contract price less actual savings in material costs and labor charges as a direct result of the cancellation." Agreement, ¶5(ii). Unitherm characterizes the clause as a liquidated damages provision barring Whitsons' recovery in this case. Indeed, Unitherm suggests that not only is it entitled to keep the monies already paid, but that it is entitled to the balance of the contract price. Defendant's Memorandum of Law in Support ("Def. Mem. of Law") at 4, DE [21]. Whitsons does not challenge Unitherm's characterization of ¶5(ii) as a liquidated damages clause, but argues that since Unitherm has retained over 80% of the total contract amount, the clause is unreasonable and thus an unenforceable penalty.

By definition, liquidated damages are "an amount contractually stipulated as a reasonable estimation of actual damages to be recovered by one party if the other party breaches. Unliquidated damages, on the other hand are damages that cannot be determined by a fixed formula and must be established by a judge or jury." *Krug v. Helmerich & Payne, Inc.*, 2015 OK 74, ¶ 24, 362 P.3d 205, 215 (Sup. Ct. 2015) (citing *Damages,* Black's Law Dictionary (10th Ed. 2014)). Clearly, ¶5(ii) does not stipulate a fixed amount of damages, unlike a subsequent

provision in the same Agreement stating that in the event Unitherm was late in delivering the goods, "the Company shall pay Buyer the sum of $5,000 as liquidated damages" for every week beyond the agreed upon delivery date. Agreement, ¶6(i). Nor does ¶5(ii) provide a "formula" for calculating damages, since material and labor costs that are a "direct result" of cancellation are not fixed amounts that can be readily ascertained. Although this provision may represent the parties' agreed upon framework for the determination of damages, it is not a liquidated damages clause and does not present a bar to Plaintiff's suit. Accordingly, Unitherm's motion to dismiss the action on this basis is denied.

**B. Resale of the Equipment**

Oklahoma law sets forth remedies available to a seller "[w]here the buyer wrongfully rejects or revokes acceptance of goods or fails to make a payment due on or before delivery or repudiates with respect to a part or the whole," including, *inter alia,* the right to resell the goods. OKLA STAT. 12A, §2-703. Section 2-706 sets forth the specifics of the seller's resale, allowing the seller to "recover the difference between the resale price and the contract price together with any incidental damages . . . less expenses saved in consequence of the buyer's breach." *Id.* §2-706(1). If the resale is conducted privately, "the seller must give the buyer reasonable notification of his intention to resell," and if the resale is at a public sale, "the seller must give the buyer reasonable notice of the time and place of the resale." *Id.* §2-706(3); §2-706(4)(b). Whitsons alleges that Unitherm resold some portion of the equipment without any notice to it in violation of §2-706.

Unitherm argues that Plaintiff has no claim under §2-706 because that section provides a "seller's remedy," and a buyer cannot force a seller to pursue a particular remedy. Whitsons argues in opposition that it is not selecting Unitherm's remedy, but rather that Unitherm itself

elected to resell some of the equipment and, in the process, failed to comply with the notice requirement of §2-706. Unitherm disagrees, replying that it elected recovery of liquidated damages under §2-718 by operation of ¶5(ii) of the Agreement, not resale under §2-706. It suggests that the resale of the equipment was not at all related to the Agreement with Whitsons, implying that it was more akin to the sale of surplus goods, not goods to which Whitsons had any legal claim.

The Court has concluded above that ¶5(ii) of the Agreement is not a liquidated damages provision and as such, election of liquidated damages under §2-718 was unavailable. The allegations of the complaint, taken as true, support Whitsons' position that Unitherm elected to resell the equipment. Although Whitsons alleges that it wished to resell the equipment itself and took its own steps to do so, it also alleges that Unitherm unilaterally sold some of the equipment without notice to an undisclosed purchaser for an undisclosed price. Once a seller elects the remedy, he must comply with the requirements attendant to that remedy. *See, e.g., Highway Sales, Inc. v. Blue Bird Corp.,* 559 F.3d 782, 793 (8th Cir. 2009) (applying analogous Minnesota UCC statute and noting that if the seller "resells the goods without providing notification of an intention to resell, the resale does not meet the requirements" §2–706(3)); *Anheuser v. Oswald Refractories Co.,* 541 S.W.2d 706, 711 (Mo. Ct. App. 1976) (interpreting comparable UCC section law and holding that "when a seller avails himself of the remedy afforded [by §2-706] he must comply with all of the terms of that section."). The complaint adequately alleges that Unitherm failed to comply with the statutory requirements, and thus Defendant's motion to dismiss the claims made pursuant to §2-706 is denied.

## C. Failure to Name the Proper Party

Defendant, citing a Contribution, Assignment and Assumption Agreement (the "Assignment") subject to a Non-Disclosure Agreement, states that Unitherm "no longer possesses the rights or liabilities under the Agreement, the commercial food system, or the monies paid by Plaintiff." Def. Mem. of Law at 6. In its opposition, Whitsons argues that Defendant had raised this issue days before filing its motion and had provided no proof of any assignment. Following receipt of Plaintiff's opposition papers, Unitherm's assignee, Unitherm Food Services, LLC ("Unitherm LLC"), purportedly provided proof of the Assignment to Whitsons. In its filings here, Defendant has not indicated when the Assignment was executed, nor did it provide any affidavit regarding the alleged Assignment or file the Assignment under seal.[3]

The parties' Agreement clearly indicates that "'[t]he Company' means Unitherm Food Systems, Inc." Agreement, ¶1(i). The letterhead on each quotation also states that it is offered by Unitherm Food Systems, Inc. The complaint names that entity, Unitherm Food Systems, Inc., as Defendant, and the Court has been presented with no evidence to find that it is not the proper party. Accordingly, the motion to dismiss on this basis is also denied.

Plaintiff, however, may have been provided with adequate proof during the briefing of this motion to support Defendant's contention regarding the proper defendant. To the extent Plaintiff wishes to amend the complaint for the sole purpose of substituting Unitherm Food Services LLC as Defendant, it may do so without further motion.

---

[3] Defendant suggested in a footnote that it would provide this Court with a copy of the Assignment pursuant to a court-ordered protective order.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is denied. Plaintiff may amend its complaint consistent with this Order by **December 17, 2018;** Defendant's time to answer is extended to **January 7, 2019**.

**SO ORDERED**.

/s/
Sandra J. Feuerstein
United States District Judge

Dated: December 3, 2018
Central Islip, New York