UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WHITSONS FOOD SERVICE (BRONX) CORP.,

                               Plaintiff,                        **ORDER**
                                                                17-CV-7462 (GRB) (ARL)
        -against-

UNITHERM FOOD SYSTEMS, INC., et al.,

                               Defendants.
------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       Before the Court is the motion of the plaintiff, Whitsons Food Service (Bronx) Corp. ("Whitsons"), to compel the defendants, HIP, Inc., f/k/a UFS Holdings, Inc., f/k/a Unitherm Food Systems, Inc. and Unitherm Food Systems, LLC (collectively "Unitherm"), to produce three items of outstanding discovery. Unitherm has opposed the motion.

       The first item of discovery concerns the Unitherm's overhead expenses. According to Whitson, Unitherm is seeking lost profit damages as a volume reseller under the Uniform Commercial Code. In order to determine such damages, a commercially appropriate allocation between overhead and direct expenses will be made. Unitherm has already provided Whitson with a breakdown of its direct expenses and the total amount of its overhead expenses but has not provided any itemization of what expense categories make up its purported overhead expenses. It also has not provided the amount of expenses in each category. Although Unitherm objects to its relevance, it has agreed to produce documents sufficient to provide this information. Accordingly, the first request is denied as moot.

       The second item sought by Whitsons is Unitherm's accounting entries reflecting how the purchase of the equipment at issue was reflected on its books before and after Unitherm learned that Whitsons was unable to accept delivery of the equipment. Whitson argues that those entries are relevant because they will provide contemporaneous information of how Unitherm valued the equipment and any damages suffered by Unitherm as a result of Whitsons being unable to accept delivery of the equipment. The Court disagrees. As Unitherm correctly notes, U.C.C. section 2-708 provides that the measure of damages for non-acceptance or repudiation by a buyer is the difference between the market price at the time and place for tender and the unpaid contract price together with any incidental damages. *See* Unif. Commercial Code § 2-708a. However, if the above-measure of damages is inadequate to put a seller in as good a position as performance would have done, the seller may recover the "profit (including reasonable overhead) which [he] would have made from full performance together with . . . due allowance for costs reasonably incurred and due credit for payments. . . . *Id.* According to Unitherm, it has already produced detailed material and labor transaction reports that tracks the direct costs of producing the manufactured equipment. Whitson has not explained why it requires additional information to enable it to determine the material and labor costs of

producing the equipment. Accordingly, the second request is denied.

      Finally, Whitson's third request concerns "schedules" generated in connection with the Unit Purchase Agreement pursuant to which Marlen International Inc. acquired Unitherm. Whitson argues that the schedules will show how Unitherm valued the equipment. According to Unitherm, it has already produced a slide show that it made to Marlen's parent company, which identified the anticipated profit from the Whitson's purchase rider and the gross profit margin. Unitherm also points out that the schedules sought include multiple categories relevant to the acquisition including property schedules, customer lists, insurance and banking information, working capital calculations, and employee information none of which bear any relevance to the issue at hand. Accordingly, this final request is denied as overbroad.

Dated: Central Islip, New York      **SO ORDERED:**
       February 3, 2020

                                                _____/s_____
                                                ARLENE R. LINDSAY
                                                United States Magistrate Judge